UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN STEVENS,　　　　　　　　　　　　　　　:

　　　　　　　　　Plaintiff,　　　　　　　　　　:

　　　　-against-　　　　　　　　　　　　　　　:　　COMPLAINT AND
　　　　　　　　　　　　　　　　　　　　　　　　　　JURY DEMAND
GENERAL MOTORS INVESTMENT　　　　　:
MANAGEMENT CORP.,　　　　　　　　　　　　　-- Civ. -----
　　　　　　　　　Defendant.　　　　　　　　　:
------------------------------------------------------------X

　　　Plaintiff John Stevens, by and through his attorney, Kraus & Zuchlewski LLP, as and for his Complaint alleges as follows:

## INTRODUCTION

1.　　In this action Plaintiff John Stevens seeks damages to redress discrimination and retaliation by Defendant General Motors Investment Management Corp. ("GMIMCo."). GMIMCo. imposed adverse terms and conditions of employment upon Stevens because of his age and disability and in retaliation for his protests about the company's discriminatory actions.

## PARTIES

### *The Plaintiff*

2.　　(a)　　Stevens resides in Westchester County, New York State.

　　　(b)　　Stevens' date of birth is July 25, 1965.

　　　(c)　　At all relevant times, Stevens has suffered from a life threatening cardiac condition.

### ***The Defendant***

3. GMIMCo. is a wholly owned subsidiary of the General Motors Company located in New York County, New York State.

4. GMIMCo. is an "employer" within the meaning of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et. seq., the Americans with Disability Act, 42 U.S.C. §126 ("ADA") and the New York Executive Law ("Executive Law") § 96, and is a "person" and "employer" within the meaning of the New York City Administrative Code ("NYC Code"), § 8-102.

### **JURISDICTION**

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically the ADEA and ADA.

### **VENUE**

6. Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because GMIMCo. is located in and transacts business in the State and County of New York.

### **PROCEDURAL BACKGROUND**

7. On March 19, 2019, Stevens filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), alleging that GMIMCo. had discriminated against him in violation of the ADEA and ADA.

8. On October 25, 2020, the EEOC issued a Notice of Right to Sue to Stevens.

9. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claims arising under the Executive Law § 296 and the NYC Code § 8-102.

10. Stevens has fully exercised his administrative remedies as required by the ADEA, ADA, the Executive Law and the NYC Code.

## FACTS

11. Stevens joined GMIMCo. on May 28, 1997.

12. At all relevant times he has been Managing Director and Head of Alternative Investments General Motors Company ("GM"), one of GM's most senior executives. His responsibilities included overseeing all alternative investments, including hedge funds, private equity and real estate valued at approximately $13 billion.

13. On October 22, 2018, Stevens underwent cardiac surgery; he was discharged several weeks later. He had a second procedure April 8, 2019.

14. From November 6, 2018, through July 24, 2019, when he went on short term disability, Stevens worked full-time from home. On several occasions, his manager GMIMCo.'s Chief Executive Officer and Chief Investment Officer Yana Shor assured him that working from home did not impeded his performance.

15. In or about December 2018, GM undertook a widespread transformation, including a reorganization of GMIMCo.

16. On December 12, 2018, Stevens' manager and GM Director, Human Resources – Finance offered Stevens two choices – effective March 1, 2019, leave GMIMCo. or remain employed with his compensation substantially reduced by approximately 37%.

17. Stevens protested this discriminatory change in his compensation. It was not feasible for Stevens to leave the company because if he remained with GMIMCo. until July 25, 2020 (his 55th birthday), he would be entitled to retire and participate in retiree health coverage which is critical to him given his serious medical condition. Moreover, if he were to accept the severance package that has been offered, he would forfeit approximately $350,000 in unvested

equity value because GM's compensation plan provides that employees lose all unvested awards if the employee is terminated without cause.

18. Stevens' only alternative was to acquiesce to the reduction in his compensation.

19. After Stevens declined GMIMCo.'s severance proposal, a series of events ensued:

    (a) on February 11, his access to GMIMCo.'s email and computer systems was denied;

    (b) on February 22, Stevens learned that his corporate Mastercard had been deactivated effective February 13;

    (c) on March 5, after GM purportedly had reinstated Stevens' access GMIMCo.'s email and computer systems, his access once again was denied. In addition, GM removed him from People Finder, and he was no longer identified as Head of Alternatives. Instead, that position was labeled "TBD," i.e., "to be determined";

    (d) GMIMCo.'s End User Services Technician informed Stevens that the reason for GM denying him access was that GM had placed Stevens on a list of separated employees;

    (e) on Friday March 8, Stevens lost access to GM's AT&T cellular service until March 11, and his voicemail was not restored until several days later;

    (f) on March 11, Stevens received a COBRA notice informing him that the "qualifying event" was the termination of his employment effective March 1;

    (g) on March 12, Stevens learned that his DC ERP, a GM retirement benefits account, had been closed and the balance was $0;

    (h) the pay period March 1 – 15 showed Stevens' pay as $0. After notifying Human Resources of this problem, on March 15, GM deposited $6,985.17 into his account. There was no indication of deductions in his electronic paystub for customary contributions to various retirement and healthcare accounts.

20. These distressing events had an adverse impact on Stevens' medical condition.

4

21. Upon information and belief, GM intentionally interfered with Stevens' ability to continue to succeed as Head of Alternatives and attempted to force him to leave while he was trying to recover from a life-threatening condition.

## FIRST CAUSE OF ACTION

### (Age Discrimination in Violation of the ADEA)

22. Stevens incorporates by reference and re-alleges each of the allegations contained in paragraphs 1 through 21 of the Complaint with the same force and effect as if set forth here in full.

23. GMIMCo. discrimination against Stevens on the basis of his age in violation of ADEA, 29 U.S.C. § 621 et seq.

## SECOND CAUSE OF ACTION

### (Age Discrimination in Violation of the Executive Law)

24. Stevens incorporates by reference and re-alleges each of the allegations contained in paragraphs 1 through 23 of the Complaint with the same force and effect as if set forth here in full.

25. GMIMCo. discriminated against Stevens on the basis of his age in violation of Executive Law § 296.

## THIRD CAUSE OF ACTION

### (Age Discrimination in Violation of the NYC Code)

26. Stevens incorporates by reference and re-alleges each of the allegations contained in paragraphs 1 through 25 of the Complaint with the same force and effect as if set forth here in full.

27. GMIMCo. discriminated against Stevens because of his age in violation of the NYC Code.

## FOURTH CAUSE OF ACTION

### (Disability Discrimination in Violation of the ADA)

28. Stevens incorporates by reference and re-alleges each of the allegations contained in paragraphs 1 through 27 of the Complaint with the same force and effect as if set forth here in full.

29. GMIMCo. discriminated against Stevens because of his disability in violation of the ADA.

## FIFTH CAUSE OF ACTION

### (Disability Discrimination in Violation of the Executive Law)

30. Stevens incorporates by reference and re-alleges each of the allegations contained in paragraphs 1 through 29 of the Complaint with the same force and effect as if set forth here in full.

31. GMIMCo. discriminated against Stevens because of his disability in violation of the Executive Law.

## SIXTH CAUSE OF ACTION

### (Disability Discrimination in Violation of the NYC Code)

32. Stevens incorporates by reference and re-alleges each of the allegations contained in paragraphs 1 through 31 of the Complaint with the same force and effect as if set forth here in full.

33. GMIMCo. discriminated against Stevens because of his disability in violation of the Administrative Code.

## SEVENTH CAUSE OF ACTION

### (Retaliation in Violation of the Executive Law)

34. Stevens incorporates by reference and re-alleges each of the allegations contained in paragraphs 1 through 33 of the Complaint with the same force and effect as if set forth here in full.

35. GMIMCo. retaliated against Stevens because he protested its discriminatory actions.

## EIGHTH CAUSE OF ACTION

### (Retaliation in Violation of the NYC Code)

36. Stevens incorporates by reference and re-alleges each of the allegations contained in paragraphs 1 through 35 of the Complaint with the same force and effect as if set forth here in full.

37. GMIMCo. retaliated against Stevens because he protested its discriminatory actions.

**WHEREFORE**, John Stevens respectfully prays that this Honorable Court:

1. Enter judgment on his behalf against GMIMCo. on all counts contained herein;

2. Award him compensatory and other damages against GMIMCo.;

3. Award back and front pay to him against GMIMCo.;

4. Award punitive damages to him against all GMIMCo.;

5. Award him court costs, expenses, attorneys' fees, prejudgment interest and post-judgment interest;

6. Declare that the GMIMCo. conduct is in violation of the ADEA, ADA, Executive Law and NYC Code; and

7. Grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
January 19, 2021

KRAUS & ZUCHLEWSKI LLP
Attorney for Plaintiff John Stevens

By: _____

Pearl Zuchlewski (PZ 2926)
60 East 42nd Street, Ste. 2534
New York, New York 10165
(212) 869-4646